UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATILDE GATTONI,<br><br>                              Plaintiff,<br><br>    - against -<br><br>TIBI, LLC<br><br>                              Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Matilde Gattoni ("Gattoni" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Tibi, LLC ("Tibi" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a colorful building in Essaouira, Morocco owned and registered by Gattoni, a Milan based award-winning photojournalist. Accordingly, Gattoni seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides and transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Gattoni is an award winning French and Italian photojournalist. Gattoni's work covers social, environmental and human rights issues all around the world. Gattoni founded the agency Tandem Reportages with the aim to produce independent, in-depth stories on relevant contemporary issues such as mass exploitation of natural resources and the relationship between mankind and the environment. Her work has been exhibited at the European Parliament in Brussels, The Backlight Festival in Tampere, The Annenberg Space for Photography in Los Angeles. She has won numerous awards including the Black and White Spider Awards, the International Colors Awards, The Pilser Urqueel International Awards and many more. Gattoni has a place of business at Via Botticelli, 22 Milan, Italy 20133.

6.      Upon information and belief, Tibi is a well-known clothing corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 120 Wooster Street, New York, New York 10012. At all times material hereto, Tibi has operated their Instagram page @Tibi ("Instagram").

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photograph**

7.      Gattoni photographed a colorful building in Essaouira, Morocco (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. On or about August 26, 2016 Gattoni placed the Photograph on her Instagram social media page. See https://www.instagram.com/p/BJkyhozh51S/?hl=en.  A true and correct copy of the Photograph on Gattoni's Instagram social media page is attached hereto as Exhibit B.

9. Gattoni is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph has a pending United States Copyright Number of 1-4017865036. A copy of the pending registration is attached hereto as Exhibit C.

**B.     Defendant's Infringing Activities**

11. Upon information and belief, on or about September 20, 2016 Defendant copied and cropped the Photograph and placed it on their Instagram social media page to promote their company. A true and correct copy of the Instagram page is attached hereto as Exhibit D.

12. Defendant did not license the Photograph from Plaintiff for its Instagram social media page, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on its Instagram social media page.

<b><u>FIRST CLAIM FOR RELIEF</u><br><u>(COPYRIGHT INFRINGEMENT AGAINST TIBI)</u></b><br><b>(17 U.S.C. §§ 106, 501)</b>

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Tibi infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on their Instagram page. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST TIBI
## (17 U.S.C. § 1202)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22. Upon information and belief, Tibi intentionally and knowingly removed copyright management information identifying Plaintiff as the owner of the Photograph.

23. The conduct of Tibi violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Tibi's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Tibi intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Tibi also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26. As a result of the wrongful conduct of Tibi as alleged herein, Plaintiff is entitled to recover from Tibi the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Tibi because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Tibi statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Tibi be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Tibi be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant profits, gains or advantages of any kind attributable to Defendant infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Tibi be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Tibi be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 27, 2016

LIEBOWITZ LAW FIRM, PLLC
By: /s/Richard Liebowitz
Richard P. Liebowitz

11 Sunrise Plaza, Suite 305  
Valley Stream, NY 11580  
Tel: (516) 233-1660  
RL@LiebowitzLawFirm.com  

*Attorneys for Plaintiff Matilde Gattoni*