UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

MATILDE GATTONI,

                Plaintiff,

   -against-

TIBI, LLC,

                Defendant.

------------------------------------------X

16 Civ. 7527 (RWS)
OPINION

A P P E A R A N C E S:

    Attorneys for Plaintiff

    LIEBOWITZ LAW FIRM PLLC
    11 Sunrise Plaza, Suite 301
    Valley Stream, NY 11580
    By:  Richard Liebowitz, Esq.
         Yekaterina Tsyvkin, Esq.



    Attorney for Defendant

    LAW OFFICE OF GORDON E.R. TROY, PC
    PO Box 1180
    Shelburne, VT 05445
    By:  Gordon E.R. Troy, Esq.

**Sweet, D.J.**

Defendant Tibi, LLC ("Tibi" or the "Defendant") has moved to dismiss the complaint of plaintiff Matilde Gattoni ("Gattoni" or the "Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth below, the motion is denied in part and granted in part.

## I. Prior Proceedings

Gattoni filed her complaint (the "Complaint") against Tibi on September 27, 2016, alleging copyright infringement under Section 501 of the Copyright Act and removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. The instant motion was filed on October 27, 2016, and the motion was marked fully submitted on December 15, 2016.

## II. The Facts

The facts as set forth below are drawn from the Plaintiff's Complaint. They are taken as true for purposes of the motion to dismiss.

1

Gattoni, a professional photojournalist, is the author of a photograph of a woman in a long dress walking down an empty street near a building with a colorful façade in Essaouira, Morocco (the "Photograph"). Compl. ¶¶ 5, 7, 9 & Ex. A. On or about August 26, 2016, Gattoni posted the Photograph on her Instagram page, @matildegattoni. *Id.* ¶ 8 & Ex. B. The caption to the Photograph included the phrase "(c) Matilde Gattoni Photography, 2016, All rights reserved." *Id.* Ex. B. The Photograph has a pending United States copyright registration number of 1-4017865036. *Id.* ¶ 9 & Ex. C.

Tibi, a clothing corporation with a place of business at 120 Wooster Street, New York, New York 10012, operates the Instagram page @Tibi. *Id.* ¶ 6. On or about September 20, 2016, Tibi copied the Photograph, cropped it so that only the colorful façade of the building remained, and posted the image to Tibi's Instagram page. *Id.* ¶ 11 & Ex. D. The post was accompanied by the caption "Palette," an image of a camera, a colon, and a hyperlinked reference to Gattoni's Instagram page, as shown below. *Id.* Ex. D.

**tibi Palette. 📷 : @matildegattoni**

2

Tibi did not license the Photograph from Gattoni for its Instagram social media page, nor did Tibi acquire Gattoni's permission or consent to publish the Photograph on its Instagram page prior to doing so. *Id.* ¶ 12.

**III.   The Applicable Standards**

The Rule 12(b)(6) standard requires that a complaint plead sufficient facts to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a motion to dismiss under Fed. R. Civ. P 12(b)(6), all factual allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306 (2d Cir. 2015); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (quotation marks omitted). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

Additionally, while "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" *Munoz-Nagel v. Guess, Inc.*, No. 12-1312, 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)) and *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); *see also Williams v. Calderoni*, No. 11-3020, 2012 WL 691832, *7 (S.D.N.Y. Mar. 1, 2012). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555

4

(quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004)).

**IV. The Motion to Dismiss the Claim for Copyright Infringement is Granted**

To state a claim for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, a plaintiff must allege "(1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Palatkevich v. Choupak*, Nos. 12-cv-1681(CM), 12-cv-1682 (CM), 2014 WL 1509236, at *6 (S.D.N.Y. Jan. 24, 2014) (internal quotation marks and citations omitted). Gattoni has met the first two prongs of the test: she has identified the Photograph as the original work that is the subject of the instant copyright claim, and she has alleged that she owns the copyright in the Photograph. She has also met the fourth prong by alleging that Tibi infringed the copyright by posting a cropped version of the Photograph on its Instagram page without license or consent. Gattoni has not, however, met the third prong of the test.

The third prong, demonstrating a valid copyright registration, captures the statutory requirement of Section 411(a) of the Copyright Act, which provides in relevant part that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411; *see also* 17 U.S.C. § 501. In other words, "the Copyright Act [] requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010).

Prior to the Supreme Court's decision in *Reed Elsevier*, the Second Circuit had held that failure to register a work was a defect that deprived the federal courts of jurisdiction over an infringement action. *See, e.g., In re Literary Works in Electronic Databases Copyright Litig.*, 509 F.3d 116, 121 (2d Cir. 2007), *rev'd sub nom. Reed Elsevier*, 559 U.S. at 166. "[P]ost-*Reed Elsevier*, registration is an element of an infringement claim, rather than a jurisdictional bar." *Cosmetic Ideas, Inc. v. IAC/ InteractiveCorp*, 606 F.3d 612, 615 (9th Cir. 2010)); *see also K-Beech, Inc. v. Does 1-29*, No. CV 11-3331 JTB ETB, 2011 WL 4401933, at *1 (E.D.N.Y. Sept. 19, 2011) ("While failure to register a work does not deprive a

federal court of jurisdiction over an action for infringement, valid registration is an element of an infringement claim."). The Supreme Court did not answer the question of whether district courts should dismiss infringement actions when the relevant work is not registered. *Id.* at 171 ("We . . . decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that . . . district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works.").

Gattoni's Complaint alleges that the Photograph is the subject of an application for a copyright registration and that a copyright registration number is "pending." *See* Compl. ¶ 9. Exhibit C to the Complaint clearly shows an "application," rather than a certificate of registration, for the Photograph.

Courts are split over the interpretation of the pre-suit registration requirement set forth in § 411(a) – that is, whether a work qualifies as registered under the statute when an application for copyright is pending. *See Patrick Collins, Inc. v. Doe*, 843 F. Supp. 2d 565, 568 (E.D. Pa. 2011) (discussing the split among circuits and within copyright law treatises); *see also Cosmetic Ideas*, 606 F.3d 612 at 615-16 (cataloging cases

7

and noting circuit split). Some courts have taken an "'application approach,' under which a pending copyright registration application is sufficient to satisfy § 411(a)," while others have taken a "'registration approach,' under which a certificate of registration issued by the Copyright Office is a prerequisite to suit." *N. Jersey Media Grp. Inc. v. Sasson*, No. CIV. 2:12-3568 WJM, 2013 WL 74237, at *3 (D.N.J. Jan. 4, 2013) (adopting the "registration approach" and holding that "until [the plaintiff] holds a certificate of copyright registration . . . [it] cannot state a prima facie claim of copyright infringement for any of those works"); *see also Patrick Collins*, 843 F. Supp. 2d at 570 ("Congress chose the registration approach, and we must abide by that decision.").

Although the Second Circuit has not addressed this specific question, "[d]istrict courts in the Second Circuit require that a plaintiff 'either hold a valid copyright registration or have applied and been refused a registration as a prerequisite to filing a civil claim.'" *Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 143 (W.D.N.Y. 2014) (citing *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g, Co.*, No. 09 CV 2669(LAP), 2012 WL 1021535, at *2 (S.D.N.Y. Mar. 26, 2012)); *see also Accurate Grading Quality Assurance, Inc. v.*

*Thorpe*, No. 12 Civ. 1343(ALC), 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013) ("While not a strictly jurisdictional requirement, section . . . 411(a) nonetheless requires copyright registration as a precondition to . . . copyright claims."); *Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416(JSR), 2011 WL 4916299, at *2 (S.D.N.Y. Oct. 13, 2011) ("The mere pendency of an application is . . . insufficient to satisfy section 411's registration requirement, which the Supreme Court has determined to be an absolute 'precondition' to suit."); *Sci. Computing Assocs., Inc. v. Warnes*, No. 07-CV-6351, 2011 WL 1327398, at *1, (W.D.N.Y. Apr. 5, 2011) (dismissing copyright infringement claim where defendant conceded it did not meet the registration requirement under § 411(a)); *K-Beech, Inc. v. Does 1-29*, No. CV 11-3331(JTB)(ETB), 2011 WL 4401933, at *1 (E.D.N.Y. Sept. 19, 2010) ("[S]ubmission of an application for copyright registration does not satisfy the registration precondition of § 411(a).").

Because Gattoni has alleged only that the registration for the allegedly infringed film is pending, and because no application has been made by Gattoni to amend the Complaint if and when the Photograph became registered, Gattoni has not properly pled the pre-requisite element of a copyright

9

infringement claim, and the Complaint's cause of action for copyright infringement necessarily fails to state a claim. The Defendant's motion to dismiss the copyright infringement claim is granted without prejudice. *See Membler.com LLC v. Barber*, No. 12-CV-4941 JS GR, 2013 WL 5348546, at *5 (E.D.N.Y. Sept. 23, 2013) (explaining that *Pyatt v. Raymond*, 462 F. App'x 22 (2d Cir. 2012) now stands for the proposition that post-commencement registrations will not automatically be read into the complaint and the plaintiff should seek amendment); Raymond J. Dowd, Copyright Litigation Handbook § 7:1 (2d ed. 2012) ("[I]f a plaintiff registers copyrights after the filing of a complaint but does not supplement the complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, the court may dismiss the case."); Patry on Copyright § 19:4 (2013) ("Where plaintiff has received registrations subsequent to the filing of the complaint, the complaint should be amended.").

Having found that this claim is dismissed because Gattoni has not yet alleged a valid copyright registration, the Court declines to address the parties' arguments on judicial notice of Instagram's Terms of Service and whether Tibi qualifies as a third-party beneficiary of any license conferred by Instagram's Terms of Service at this time.

**V. The Motion to Dismiss the Claim for Removal of Copyright Management Information is Denied**

The Plaintiff's second claim for relief alleges that the conduct of Tibi violates 17 U.S.C. § 1202(b) of the Digital Millennium Copyright Act ("DMCA"). Compl. ¶¶ 21-25. Unlike for a copyright infringement claim, the fact that an application for copyright is pending is not a bar to a DMCA action. *See Playboy Enterprises Int'l Inc. v. Mediatakeout.com LLC*, No. 15 CIV. 7053 (PAE), 2016 WL 1023321, at *5 (S.D.N.Y. Mar. 8, 2016); *I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc.*, 307 F. Supp. 2d 521, 531 n.9 (S.D.N.Y. 2004) ("[P]laintiff's failure to register its copyrighted work is not a bar to a DMCA action."); *Med. Broadcasting Co. v. Flaiz*, No. Civ.A. 02-8554, 2003 WL 22838094, at * 3 (E.D. Pa. Nov. 25, 2003) ("While a copyright registration is a prerequisite under 17 U.S.C. § 411(a) for an action for copyright infringement, claims under the DMCA, however, are simply not copyright infringement claims and are separate and distinct from the latter").

"The DMCA prohibits, among other things, 'intentionally remov[ing] or alter[ing] any copyright management

11

information.'" *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 107 (2d Cir. 2014) (quoting 17 U.S.C. § 1202(b)) (alteration in the original). Copyright management information ("CMI") also includes "[t]he title and other information identifying the work," and "[t]he name of, and other identifying information about, the author of a work." 17 U.S.C. § 1202(c); *see Playboy Enterprises*, 2016 WL 1023321, at *5. To establish a violation under subsection 1202(b), a plaintiff must show "(1) the existence of CMI on the [infringed work]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010) (collecting cases).

Gattoni alleges that Tibi, without authorization, "intentionally and knowingly removed copyright management information" and that Tibi "knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph." Compl. ¶ 22, 25. Gattoni states that the CMI that existed was information "identifying Plaintiff as the owner of the Photograph." Compl. ¶ 22. The Defendant contends that these

allegations are conclusory, and that therefore Gattoni's allegations are insufficient to meet the 12(b)(6) threshold.

"Although Plaintiff's allegations in the Complaint are relatively sparse," Gattoni has sufficiently alleged the existence of CMI and its intentional removal or alteration by Tibi to state a claim under subsection 1202(b) of the DMCA. *Devocean Jewelry LLC v. Associated Newspapers Ltd.*, No. 16-CV-2150 (KMW), 2016 WL 6135662, at *2 (S.D.N.Y. Oct. 19, 2016). Her Complaint is bolstered by exhibits showing that Tibi's post omitted the copyright notice "(c) Matilde Gattoni Photography, 2016, All rights reserved" that Gattoni had included with her post. Compl. Exs. B & D; *see Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 107 (2d Cir. 2014) (highlighting "the familiar (c) copyright notice" as an example of CMI); *Fischer v. Forrest*, No. 14 CIV. 1304 PAE, 2015 WL 195822, at *8 (S.D.N.Y. Jan. 13, 2015 (citing *BanxCorp*, 723 F. Supp. 2d at 610, for the proposition that "[p]roviding an actual example of the allegedly infringing [work] is obviously more than a conclusory allegation").

Certainly, the presence of a credit "tag" that hyperlinks to Gattoni's Instagram page in Exhibit D "undermines the strength of Plaintiff's allegations regarding Defendant's

intent." *Devocean Jewelry*, 2016 WL 6135662, at *2 (noting that the inclusion of copyright information by the Defendant "even . . . [though] differ[ent] in appearance from the information originally included by the Plaintiff" diminished the Plaintiff's argument on the Defendant's intent). However, the Defendant cites no authorities that "tagging" the author of a Photograph conclusively means the Defendant lacks the required scienter under the DMCA. Further, the Court must draw all reasonable inferences in Gattoni's favor at this stage. Accordingly, the motion to dismiss Gattoni's section 1202(b) claim is denied. *See In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 693 (2d Cir. 2009) (courts must be "lenient in allowing scienter issues . . . to survive motions to dismiss").

**VI. Conclusion**

Based upon the conclusions set forth above, the Defendant's motion is denied in part and granted in part. The Complaint's copyright infringement claim is dismissed without prejudice. The Plaintiff is granted leave to amend the Complaint within 60 days showing either a valid copyright registration of the Photograph or rejection of her copyright registration application.

14

It is so ordered.

New York, NY
May 25, 2017

_____
ROBERT W. SWEET
U.S.D.J.